IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER A. COLLINS,<br><br>               Petitioner,<br><br>      vs.<br><br>KELLY HARRINGTON, Warden, *et al.*,<br><br>               Respondents. | No. 2:08-cv-00504-JKS<br><br>ORDER<br>[Re:  Motions at Docket Nos. 24, 25, 29 & 30;<br>Documents at Docket Nos. 27 & 28] |

      At Docket No. 24 Petitioner Xavier A. Collins, a state prisoner appearing *pro se*, moved for an order extending the time to object to the state's response and at Docket No. 25 for an order extending the time within which to object to the Findings and Recommendations of the Magistrate Judge.  At Docket No. 29 Collins filed what may be construed to be a motion to further extend the time within which to file a notice of appeal.  At Docket No. 27 Collins filed a document entitled "Objections to Magistrate's Report and Recommendations Arguments etc." and at Docket No. 30 Collins filed a document entitled "Amending Motion to Object to Recommendation of Magistrate Judge Decision to Deny the Petitioner COA Claims or Writ of Habeas Corpus."  At Docket No. 28 Collins filed another Petition setting forth the same grounds raised in original petition.

      The record in this case shows the following:

      March 26, 2009 – Judgment entered [Docket No. 20].

      June 1, 2009 – Collins moved for an extension of time to file a notice of appeal [Docket No. 21].

      June 4, 2009 – Collins moved for a Certificate of Appealability [Docket No. 22].

      June 5, 2009 – Treating the motion for a Certificate of Appealability as a notice of appeal, this Court processed the appeal to the Ninth Circuit [Docket No. 23].

      June 9, 2009 – The Court granted Collins an extension of time to file his notice of appeal until June 23, 2009 [Docket No. 26].

June 18, 2009 – Collins filed his "Objections to Magistrate's Report and Recommendations Arguments etc." [Docket No. 27].

June 19, 2009 – Collins filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" [Docket No. 28].

The filing of a notice of appeal transfers jurisdiction to the court of appeals and divests this court of jurisdiction over all matters encompassed by the appeal.[1]  Consequently, further proceedings in this matter are before the Court of Appeals for the Ninth Circuit, not this Court. To the extent Collins seeks a further extension of time to file his appeal, it is unnecessary and this Court lacks authority to further extend the time in any event.[2]

The Court also notes that there were no Findings and Recommendations made by a Magistrate Judge to which an objection could be made.[3]  Accordingly, the objections thereto at Docket No. 27, as amended by the document filed at Docket No. 30, are superfluous.

To the extent that the document at Docket No. 30 may be construed as seeking reconsideration of the denial by this Court of a Certificate of Appealability, Collins has not provided any facts or legal argument that persuade this Court that its decision to deny a COA was erroneous.

It also appears that Collins filed a traverse in response to the State's answer [Docket No. 16], making his motion at Docket No. 24 superfluous.

The Court further notes that the "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" at Docket No. 28 raises the same issues as were raised in the original petition before this Court.  This Court having previously disposed of the original petition on the merits and no leave to amend having been granted, the petition at Docket No. 28 is a successive petition and must be summarily dismissed.[4]

---

[1] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

[2] *See* Fed. R. App. P. 4(a)(5)(C).

[3] In his objections, Collins refers to the Memorandum Decision of the Court, apparently mistaking that decision as being the Findings and Recommendations of a Magistrate Judge.

[4] 28 U.S.C. § 2244(b)(1).

**IT IS ORDERED THAT** the motions to extend time at Docket Nos. 24, 25, and 29 are **DENIED**.

**IT IS FURTHER ORDERED THAT**, to the extent that the motion at Docket No. 30 may be construed as a request to reconsider the Court's denial of a Certificate of Appealability, it is **DENIED**. Any further request for a COA must be addressed to the Court of Appeals.[5]

**IT IS FURTHER ORDERED THAT** the "Objections to Magistrate's Report and Recommendations Arguments etc." at Docket No. 27 is hereby **STRICKEN**.

**IT IS FURTHER ORDERED THAT** the "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" at Docket No. 28 is **DISMISSED**, without prejudice to seek leave to file a successive petition from the Court of Appeals for the Ninth Circuit.

**IT IS FURTHER ORDERED THAT**:

1. The Clerk of the Court is directed not to accept any further pleading, motion, document, or paper filed by Collins in this case unless Collins has first obtained leave of Court to file such pleading, motion, document, or paper; and

2. Any application for leave of court must be accompanied by a memorandum explaining how this Court has jurisdiction, citing at least one federal court decision reached within the past fifty (50) years in which the court granted relief similar to the relief Collins seeks.

Dated: July 8, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[5] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.